C. Jeffrey Novel (State Bar No. 24037198)
Andrew D. Robertson (State Bar No. 24090845)
Jamie R. Wilson (State Bar No. 24098623)
KANE RUSSELL COLEMAN LOGAN PC
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Email: jnovel@krcl.com; drobertson@krcl.com; jwilson@krcl.com
*Attorneys for Defendants*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PARKERVILLE, LP, et al., | § | Case No. 25-44890-MXM-11 |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |
| DEVELOP 3 GROUP, LLC, ET AL., | § | |
| | § | |
| Plaintiffs, | § | Adv. Proc. No. 25-04157-mxm |
| | § | |
| v. | § | |
| | § | |
| CEASONS HOLDINGS, LLC and JOHN | § | |
| D. DAVENPORT, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR RECONSIDERATION OF ORDER DENYING RULE 56(d) MOTION FOR CONTINUANCE OF SUMMARY JUDGMENT HEARING**

[Relates to Adv. Docs. 54–57, 75, 76, 77, 79, 83, 84, and 85]

Defendants Ceasons Holdings, LLC ("Ceasons") and John D. Davenport ("Davenport") (collectively, "Defendants") file this Response in Opposition to Plaintiffs' Amended Motion for Reconsideration of Order Denying Rule 56(d) Motion for Continuance of Summary Judgment

Hearing [Adv. Doc. 85] (the "Motion" or "Mot."), which supersedes the motion filed October 19 [Adv. Doc. 83],[1] and respectfully state the following:

## I. INTRODUCTION

1. On October 15, 2026, after a full hearing, the Court denied Plaintiffs' request to continue the hearing on Defendants' Motion for Summary Judgment [Adv. Docs. 54–56] (the "MSJ"). In its Rule 52 findings, the Court found that the request was "not timely or proper under Rule 56(d)," that Plaintiffs "failed to satisfy that they did not have adequate time to take discovery," that the relevance of the claim objections to the MSJ was "speculative at best," that there was "no evidence of excusable neglect," and that the request was "filed in bad faith for the sole purpose to cause undue delay." Tr. 24:10–26:21. The October 20 Order incorporates those findings. [Adv. Doc. 84 ¶ 1.] At the hearing on the MSJ, Plaintiffs' counsel acknowledged: "The Court's already ruled on [the motion for continuance]. I don't want to relitigate that." Tr. 52:13–14. Yet two business days later, Plaintiffs filed a 27-page motion to do just that, and amended it two days later. The Motion identifies no new evidence, no change in the law, and no error; it repeats the arguments the Court rejected on October 15 and asks for the same relief. Mot. ¶ 6, at 4–5; *id.* at 28, ¶ (c). Its premise, that "the record contains no evidence" for the findings, Mot. ¶ 35, at 13, fails because the record is the Court's docket and Plaintiffs' own admissions. Part III.A, *infra*. This Court should deny the Motion.

---

[1] The Motion seeks reconsideration of the Order Denying Request for Continuance [Adv. Doc. 84], which denied Plaintiffs' motion to continue [Adv. Docs. 75, 76], supported by the Declaration of Counsel [Adv. Doc. 77] ("Decl.") and opposed by Defendants' Response [Adv. Doc. 79] ("Resp."). The Amended Motion is the October 19 motion with new paragraphs 1 and 3 through 5 and a new footnote. Its paragraph numbering restarts at 48 on page 17, so it is cited by paragraph and page. "Doc." refers to the docket in Case No. 25-44890, and "App." to the MSJ appendix [Adv. Doc. 56]. "Tr." refers to the transcript of the October 15, 2026 hearing, included in Defendants' Appendix hereto.

## II. Legal Standard

2. Under Rule 54(b), made applicable by Federal Rule of Bankruptcy Procedure 7054(a), the Court "is free to reconsider and reverse its decision for any reason it deems sufficient." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). That discretion is the Court's, and "whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification bear[s] upon the Court's review." *Dos Santos v. Bell Helicopter Textron, Inc.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009). Plaintiffs invoke the Rule 59(e) grounds of "clear legal error," "manifest injustice," and "evidence not previously before the Court," Mot. ¶ 30, at 11, and show none; the only "evidence" the Motion discusses, the Banks memorandum and the Ginn declaration, was before the Court and argued at length on October 15.

## III. Argument

### A. The findings rest on the docket and on Plaintiffs' own admissions, not on anything Defendants had to prove.

3. Plaintiffs' lead argument is that Defendants "neither offered nor obtained the admission of any evidence," and that the email strings attached to the Response were not authenticated or admitted. Mot. ¶¶ 25, 36, at 9, 13. Plaintiffs raised no such objection at the hearing, Tr. 4:11–26:22, and the argument misplaces the burden. A Rule 56(d) continuance is the movant's to justify "by affidavit or declaration," Fed. R. Civ. P. 56(d), and the movant must show that it "diligently pursued discovery" and identify specified facts that would change the outcome. *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017). Defendants had nothing to prove; the Court denied the motion because Plaintiffs' showing failed.

4. The chronology is the Court's own docket, of which it may take judicial notice. Fed. R. Evid. 201; *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981). The docket establishes that the MSJ was filed July 27; the response was due August 17; the hearing was noticed August 14 without objection; discovery closed August 10; Plaintiffs missed the September 24 docket call; and they filed nothing for 79 days before moving at 3:28 p.m. the afternoon before the hearing, timing the Court found "further suggests bad faith." Tr. 24:25–26:9. Plaintiffs "do not dispute" the deadlines. Mot. ¶ 11, at 6. The Motion admits that Plaintiffs had the Banks memorandum for 48 days before they moved, that they "postponed" the depositions, that they waited for Ceasons' brief on the claim objection before seeking relief, and that counsel was out of state from September 30 through October 13. Mot. ¶¶ 18, 23, 39, at 7, 9, 13. And on October 14, counsel told chambers that the point of a continuance was to have the MSJ hearing "reset at the same time as the hearing on the joint claims objection." Resp. Ex. A. No exhibit was required to find what the docket shows and Plaintiffs admit.

**B. Nothing was produced "late," and the Banks memorandum does not excuse the missed deadlines.**

5. The Motion's excuse for seeking a continuance well after the MSJ response deadline rests on the claim that Defendants delayed the "Accounting Memorandum" until after the deadlines, "seemingly intentional[ly]." Mot. ¶ 6(b), at 4; *id.* ¶¶ 12–13, at 6. To the contrary, the memorandum is a two-page document from Ceasons' outside CPA, dated August 25 and served August 27 as a courtesy, after repeated efforts to point opposing counsel to the evidence Defendants had already produced. Resp. ¶ 7; Resp. Ex. B. The memorandum was created solely to address Plaintiffs' apparent confusion regarding Ceasons' accounting records and was not a pre-existing document responsive to any discovery request served by Plaintiffs. It explains how previously produced accounting records are organized, and it confirms that "all activity for both a

given loan and any associated escrow account was included within the information already provided in [Defendants'] production." [Doc. 91, Ex. E ¶¶ 2, 6.] Plaintiffs cannot manufacture an excuse for missing the August 10 discovery deadline and the August 17 response deadline by treating a voluntarily created summary of produced records as a new "production."

6. The memorandum also has nothing to do with the grounds of the MSJ, which rests on the written releases every Plaintiff signed; the statute of frauds, Tex. Bus. & Com. Code § 26.02, and the parties' written acknowledgment that there are "no unwritten oral agreements"; the absence of any lender-borrower fiduciary duty; the justification privilege; the usury notice conditions and savings clauses; and the absence of evidence on each element of each claim asserted by Plaintiffs. [Adv. Doc. 55, Parts V.A–F; App. 458–459.] None of those grounds depends on a loan balance or on how Ceasons organizes its accounting records. Plaintiffs could have responded with any of the roughly 27,000 pages Ceasons had produced or with Mr. Davis's own testimony.

**C. Plaintiffs were not diligent after August 27.**

7. Plaintiffs had the memorandum for 48 days before they moved. In that time they agreed to the September 22–23 deposition dates; cancelled the depositions at 9:15 p.m. on September 21; never proposed a new date after Defendants asked for one on September 22; missed the September 24 docket call; and, by counsel's own account, left the state for two weeks. Resp. Ex. B; Mot. ¶ 18, at 7. The Motion says the depositions were "postponed" so that Plaintiffs could "analyze" the memorandum and "revise deposition outlines." *Id.* At the hearing, counsel gave a different reason: after the memorandum, Plaintiffs "had basically nothing to depose Mr. Davenport or the corporate representative about." Tr. 12:14–17. A party that cancels the deposition it now says it needs has not diligently pursued it. *Paul Kadair, Inc. v. Sony Corp. of Am.*, 694 F.2d 1017, 1031 (5th Cir. 1983); *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005). The new

request to depose Jamie Banks, Ceasons' outside CPA, Mot. ¶ 6(c), at 4, is weaker still: Plaintiffs never noticed or subpoenaed her. Resp. Ex. B.

8. The event Plaintiffs treat as the trigger (Ceasons' October 12 response to the claim objection) is a brief that Defendants filed well before the actual deadline, not a discovery event.[2] When counsel offered that explanation at the hearing, the Court asked, "What does that have to do with anything?" Tr. 51:19–23. Waiting to read the other side's brief before deciding whether to oppose a dispositive motion is a choice, and Plaintiffs made it with the hearing in full view.

**D. The new procedural theories fail on their own terms.**

9. The original motion did not mention Rule 6(b), Rule 16(b)(4), or *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). Defendants raised Rule 9006(b)(1) and *Pioneer* in the Response and at the hearing, Resp. ¶ 4; Tr. 16:3–22, and the Court found "no evidence of excusable neglect." Tr. 26:19–21. The Motion now asks, for the first time, that the missed deadlines be excused under Rules 6(b)(1)(B) and 16(b)(4). Mot. ¶¶ 6(b)–(d), 33–34, 40, 65–66. In this Court, extending the expired August 17 MSJ response deadline is governed by Bankruptcy Rule 9006(b)(1), the counterpart to Federal Rule of Civil Procedure 6(b)(1)(B) cited by Plaintiffs, which permits relief only where "the failure to act within that period resulted from excusable neglect." Fed. R. Bankr. P. 9006(b)(1)(B). *Pioneer* construed Bankruptcy Rule 9006(b), holding that the inquiry is "at bottom an equitable one" that weighs prejudice, the length and impact of the delay, the reason for the delay, whether the delay was within the movant's control, and good faith. *Pioneer*, 507 U.S. at 395. Every factor weighs against

---

[2] Mot. ¶ 39, at 13. Ceasons filed that brief early. The Debtors' September 28 notice set an October 12 response date [Doc. 89 at 1–2], but for claim objections L.B.R. 9007-1 requires a response date "at least 30 days from the date of service," so no response was due before October 28, two weeks after the MSJ hearing. The claim objection's schedule has nothing to do with the deadline Plaintiffs missed on August 17.

Plaintiffs. The reason for the delay was entirely within Plaintiffs' control: the memorandum does not bear on any ground of the MSJ, yet Plaintiffs waited 48 days after receiving it before seeking a continuance. The delay was 58 days past the MSJ response deadline, after discovery closed and after docket call. And the Court has already found bad faith. Tr. 24:10–26:21.

10. The August 10 discovery deadline may be modified "only for good cause," which requires a showing that the deadline could not reasonably have been met despite diligence. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003). Ceasons began producing documents in October 2025. Plaintiffs served their first requests on May 21, 2026; agreed to depose David and John Davenport on June 29 and 30, then called off those depositions on June 25 because counsel was not ready to proceed [Adv. Doc. 50 at 5–6]; lost their motion to compel; designated no expert (despite telling the Court at the October 15 hearing that they had "designated two," Tr. 58:10–11); took no deposition before discovery closed; and never moved to modify the Scheduling Order. [Adv. Docs. 14, 46, 58.] *S&W* and *Reliance Insurance Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257–58 (5th Cir. 1997), Plaintiffs' own authorities, both affirmed the denial of relief.

11. For the first time, Plaintiffs argue that summary judgment would "circumvent" the estates' defenses under 11 U.S.C. § 558. Mot. ¶ 8 & n.2, at 5–6. Section 558 preserves for an estate the defenses its debtor had; it says nothing about deferring summary judgment on a debtor's own affirmative claims, and ten of the twelve Plaintiffs are not debtors. Any defenses the Debtors have to Ceasons' proofs of claim belong in the pending claim objection.[3]

---

[3] Plaintiffs' authorities are inapposite. *Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690 (Tex. 1986), *W&T Offshore, Inc. v. Bernhardt*, 946 F.3d 227 (5th Cir. 2019), and *DDR Weinert, Ltd. v. Ovintiv USA, Inc.*, No. 23-50479, 2025 WL 636315 (5th Cir. Feb. 27, 2025) (unpublished), are oil-and-gas royalty-overpayment disputes in which recoupment

**E. The discovery sought does not touch a ground of the MSJ, and the claim objection is no reason to wait.**

12. The Motion lists seven subjects for discovery. Mot. ¶ 51, at 16–17. Every one concerns how much Plaintiffs owe Ceasons: balances, the application of payments and sale proceeds, fees, and interest. *Id.* None of these is a ground of the MSJ, and Plaintiffs' counsel conceded as much at the hearing: Plaintiffs' claims are "[f]or damages arising out of their conduct. Not in connection with their enforcement of the debt," and have "[n]othing to do with what the balance of their debt is or what they are entitled to recover." Tr. 56:6–22; *see also id.* 54:2–6. The Court found *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249 (5th Cir. 2013), and *January v. City of Huntsville*, 74 F.4th 646 (5th Cir. 2023), "directly on point." Tr. 26:10–12. *Martins* affirmed the denial of a continuance where the nonmovant "did not ask for more time until after the deadline had passed and did not articulate specifically what facts he needed to respond to the motion." *Martins*, 722 F.3d at 257. *January* affirmed the denial of what the district court called an "eleventh hour" Rule 56(d) request made after discovery closed. *January*, 74 F.4th at 651–52. Plaintiffs fail on both counts; and unlike in *Martins*, Plaintiffs never filed any response at all.

13. The Amended Motion's one new point, that Debtors' counsel "intend[s] to conduct some limited discovery" in the claim objection in which Plaintiffs "could easily participate," Mot. ¶¶ 4–5, at 3–4, changes nothing. A claim objection is a contested matter, Fed. R. Bankr. P. 3007, 9014, and the discovery available in it belongs to the Debtors on the allowance of Ceasons' claims. It neither reopens discovery here nor extends to the ten non-debtor Plaintiffs. A report of what another lawyer intends is not a Rule 56(d) declaration.

---

barred or offset a claim; none addresses deferring a summary-judgment ruling on a plaintiff's affirmative tort and usury claims, and none involves § 558 or a non-debtor plaintiff.

14. The Court heard and rejected the underlying "claim objection first" argument on October 15, explaining that even if Ceasons has "no valid debt," that "still doesn't resolve [Plaintiffs'] claims" in the adversary proceeding. Tr. 45:8–13; *see id.* 44:2–4. The Motion now argues "manifest injustice," contending that ruling on the MSJ before the claim objection "risks inconsistent determinations[.]" Mot. ¶ 64, at 23. But the MSJ seeks no judgment on any debt, asking only whether Plaintiffs can prove their own claims. Granting the MSJ fixes no balance and allows no claim. If anything, the risk runs the other way: because the claim objection asks the Court to estimate Ceasons' claim under "alternative scenarios reflecting different lender liability outcomes," [Doc. 89 ¶ 2], it cannot be decided until the Court determines whether Plaintiffs' lender-liability claims survive.

15. Plaintiffs' own authorities confirm the ruling. Plaintiffs cite *Culwell* for the proposition that Rule 56(d) motions "should be liberally granted." Mot. ¶ 32, at 11 (quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)). But the *Culwell* nonmovants had diligently pursued discovery—serving their document requests more than two months before the close of discovery—and the Fifth Circuit distinguished *Baker*, where the nonmovant "was entirely responsible for creating the situation," on that basis. *Culwell*, 468 F.3d at 871–72; *see Baker*, 430 F.3d at 756. Plaintiffs here moved 58 days after their deadline and twice called off the depositions they now say they need. And *Adelphia*, which Plaintiffs also quote, holds that "to the extent desired discovery is legally irrelevant, it does not warrant Rule 56(f) relief." *In re Adelphia Commc'ns Corp.*, 317 B.R. 612, 621 (Bankr. S.D.N.Y. 2004). This case is *Baker*, not *Culwell*.

### F. Prejudice is not Defendants' burden, and it is real.

16. The Motion argues that Defendants offered no evidence of prejudice. Mot. ¶¶ 67–70, at 24–25. Prejudice is not an element Defendants must prove; it is a *Pioneer* factor Plaintiffs

must overcome, and it is plain on the docket. The MSJ has been pending without a response since July 27, and trial is set for December 15. [Adv. Doc. 73.] Plaintiffs' "limited" plan (production, three depositions, a response, and then a ruling on a claim objection that counsel said might be heard November 23 or December 3, Mot. ¶ 76, at 27; Tr. 13:8–10) is not feasible given the time until trial. Meanwhile approximately $4.8 million in sale proceeds sits in escrow while the Debtors invoke these same theories against payment, [Doc. 40 ¶ D], and interest accrues at $2,400.00 per day. "[D]elay in the ability to secure a legal determination on one's claims constitutes legally cognizable prejudice." *Adelphia*, 317 B.R. at 627. The point that Defendants have not sought a new setting on the escrowed proceeds, Mot. ¶¶ 73–75, at 26, has the sequence backwards: the Debtors say Plaintiffs' claims could reduce what Ceasons is owed, so the MSJ must come first.

### G. The MSJ should be decided.

17. The Motion closes by asking the Court to defer any ruling on the MSJ "until the Court rules on the objections to Proofs of Claim Nos. 3 and 4." Mot. at 28, ¶ (c). That is the relief Plaintiffs' counsel requested on October 14, Resp. Ex. A, and the relief the Court denied on October 15. Where a nonmovant files "absolutely no response whatever," the Court may accept the movant's facts as undisputed. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); Fed. R. Civ. P. 56(e)(2)–(3). Nothing in the Motion supplies a response, and nothing in it supplies a reason to revisit a ruling made on a record that has not changed.

## IV. PRAYER

Defendants ask that the Court deny the Motion [Adv. Docs. 83, 85], leave its Order Denying Request for Continuance [Adv. Doc. 84] in place, grant the Motion for Summary Judgment [Adv. Docs. 54–56], and grant Defendants all other relief to which they are entitled.

DATED: November 6, 2026.

Respectfully submitted,

KANE RUSSELL COLEMAN LOGAN PC

By: */s/ C. Jeffrey Novel*

**C. Jeffrey Novel**
State Bar No. 24037198
jnovel@krcl.com
**Andrew D. Robertson**
State Bar No. 24090845
drobertson@krcl.com
**Jamie R. Wilson**
State Bar No. 24098623
jwilson@krcl.com
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on November 6, 2026, a true and correct copy of the foregoing Response was served through the Court's CM/ECF system on all parties registered to receive electronic notice in this adversary proceeding, including James P. Moon, counsel for Plaintiffs, and Joyce W. Lindauer, counsel for the Debtors.

*/s/ C. Jeffrey Novel*
C. Jeffrey Novel