C. Jeffrey Novel (24037198)
jnovel@krcl.com
Andrew D. Robertson (24090845)
drobertson@krcl.com
Jamie R. Wilson (24098623)
jwilson@krcl.com
KANE RUSSELL COLEMAN LOGAN PC
901 Main Street, Suite 5200
Dallas, Texas 75202
*Attorneys for Defendants*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PARKERVILLE, LP, et al., | § | Case No. 25-44890-MXM-11 |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |
| DEVELOP 3 GROUP, LLC, et al., | § | |
| | § | |
| Plaintiffs, | § | Adv. Proc. No. 25-04157-MXM |
| | § | |
| v. | § | |
| | § | |
| CEASONS HOLDINGS, LLC and JOHN D. DAVENPORT, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION FOR SANCTIONS UNDER THE COURT'S INHERENT POWER AND 11 U.S.C. § 105(a), AND BRIEF IN SUPPORT**

[Relates to Adv. Docs. 46, 58, 75, 76, 77, 79, 83, 84, and 85]

Defendants Ceasons Holdings, LLC ("Ceasons") and John D. Davenport (together, "Defendants") move for sanctions against Plaintiffs and their counsel, James P. Moon and the Law Offices of James P. Moon, P.C. (together, "Mr. Moon"), jointly and severally, under the Court's inherent power and 11 U.S.C. § 105(a),[1] and in support respectfully state the following:

[1] "Resp." is Defendants' Response to the 56(d) Motion [Adv. Doc. 79]; "Decl." is Adv. Doc. 77; "56(d) Mot." is Adv. Doc. 76; "Tr." is the October 15, 2026 hearing transcript (Exhibit C); "Doc." without "Adv." is the docket in Case No. 25-44890. Adv. Docs. 76 and 85 are cited by paragraph and page because their numbering restarts.

## I. SUMMARY

1. Plaintiffs' response to Defendants' Motion for Summary Judgment [Adv. Docs. 54–56] (the "MSJ") was due August 17, 2026. They filed none. At 3:28 p.m. the day before the October 15 hearing, they moved to continue it [Adv. Docs. 75, 76] (the "56(d) Motion"), supported by a Declaration of Counsel [Adv. Doc. 77] (the "Declaration") that swore to facts the record contradicts. The Court denied the motion from the bench and made the following findings under Rule 7052: the motion "is not timely or proper under Rule 56(d) and, to be kind, lacks any appearance of good faith," Tr. 24:22–24, and "was filed in bad faith for the sole purpose to cause undue delay" and "for an improper purpose." Tr. 26:13–17; [Adv. Doc. 84].

2. Plaintiffs answered those findings by filing the same motion twice more [Adv. Docs. 83, 85] (the "Reconsideration Motions"), four days after counsel told the Court, "I don't want to relitigate [the 56(d) Motion]" during the MSJ hearing. Tr. 52:13–15. The Reconsideration Motions repeat the misstatements of the 56(d) Motion and add new ones, including the assertion that the Court's findings "are not supported by any evidence in the record," in a motion that itself admits every fact on which they rest.

3. The three motions illustrate how Plaintiffs have litigated this case: the repeated assertion of facts that emails refute, authorities cited for rules they do not state, and machine-generated drafts with clear issues. Defendants have had to address these issues repeatedly. They now ask that a consequence attach in the form of the fees the motions have caused, and an order that no further motion to continue, defer, or reconsider the MSJ be filed without leave of Court.

## II. BACKGROUND

### A. The Scheduling Order, the MSJ, and Plaintiffs' silence

4. The Scheduling Order [Adv. Doc. 14] required expert designations by July 26, 2026 and the completion of discovery by August 10. Plaintiffs designated no expert and took one

deposition before discovery closed. Their one motion to compel, filed June 28 on the assertion that Defendants had "produced no documents," [Adv. Doc. 46 ¶ 5, at 6], three days after Mr. Moon acknowledged the "22,000 plus pages of documents that were produced," Ex. D, was denied in its entirety. [Adv. Doc. 58.] Defendants filed the MSJ on July 27; on August 14 the hearing was noticed for October 15 without objection, [Adv. Doc. 63]; the response was due August 17. Plaintiffs filed nothing, never moved to modify the Scheduling Order, and did not appear at the February 26 status conference, [Adv. Doc. 15], or the September 24 docket call. Tr. 25:11–17.

**B. The depositions Plaintiffs cancelled, twice**

5. Plaintiffs set the depositions of Mr. Davenport and Ceasons for June 29–30 and cancelled them on June 25 because, Mr. Moon wrote, he was not "ready to proceed" with "so many of the documents that have been produced." Ex. D. On August 23, thirteen days after discovery closed, they re-noticed Mr. Davenport and served an untimely "Third" Request for Production. The parties set Mr. Davenport and Mr. Davis for depositions on September 22 and 23 by agreement. Resp. Ex. B. At 9:15 p.m. on September 21, hours after the Debtors filed their claim objection, Mr. Moon withdrew the Davenport notice, citing the claim objection, the pending responses to the untimely "Third" Request, and the wish for an "independent third-party auditor." *Id.* at 3–5. Defendants answered the next afternoon, noted that Ceasons' responses to that Request, served that day, identified by Bates number the loan records that had been produced months earlier, and asked for deposition dates. *Id.* at 1–3. The only dates Mr. Moon had offered, October 16 and the weeks of October 19 and 26, all fell after the MSJ hearing and were conditioned on further production (even though Defendants had produced all documents related to the loans) and a ruling on the claim objection. *Id.* at 3–5. Plaintiffs never followed up.

**C. The 56(d) Motion and the Declaration**

6. At 10:28 a.m. on October 14, Mr. Moon emailed chambers that he would move to continue the next day's hearing "with it to be reset at the same time as the hearing on the joint claims objection." Resp. Ex. A. No hearing on the objection had been set; that email was his first request for dates. The 56(d) Motion followed at 3:28 p.m. and the Declaration at 4:36 p.m. Under penalty of perjury, Mr. Moon swore to the statements in items 1–4 and 6 of Part III, among them that the loan records "have not been produced," Decl. ¶¶ 17(c), 47, in the same document that counted "the approximately 27,000 pages of documents Ceasons had previously produced." *Id.* ¶ 28. Defendants' Response controverted each statement from the record. [Adv. Doc. 79.]

**D. The October 15 hearing and the ruling**

7. At the hearing Mr. Moon gave a reason for cancelling the depositions that appears nowhere in his Declaration, that after the memorandum of Ceasons' CPA, Jamie Banks (the "Banks memorandum"), "we had basically nothing to depose Mr. Davenport or the corporate representative about," and in the next sentence asked for time to "take the deposition of Ms. Banks and Mr. Davenport." Tr. 12:14–21. Asked why the motion was filed "literally yesterday afternoon," he said he had waited for Ceasons' claim-objection response, "a set deadline that is set . . . by the Rules." Tr. 51:19–52:9. Told that "[t]he discovery deadline is gone," he said, "We have designated two experts and everything." Tr. 58:5–11. Plaintiffs designated none.

8. The Court denied the 56(d) Motion in an oral ruling that it designated as its findings and conclusions under Rule 7052. Tr. 24:10–14. It found that Plaintiffs filed no MSJ response "timely or otherwise" and "failed to appear at the trial docket call"; that the claim objections' relevance to the MSJ "is speculative at best"; and that the motion was filed in bad faith and for an improper purpose. Tr. 24:22–26:22. It "reserve[d] the right to make additional findings." Tr. 26:17–19.

## E. The Reconsideration Motions

9. On October 19 Plaintiffs filed the 27-page Motion for Reconsideration, and on October 21 the 29-page Amended Motion. Both assert that the Court's findings "are not supported by any evidence in the record," Adv. Doc. 85 ¶ 35, at 13, while admitting the facts on which the findings rest (item 9 below). Defendants are filing their response contemporaneously with this Motion.

# III. THE MISREPRESENTATIONS

10. The sanctionable conduct is a course of representations to the Court concerning the 56(d) Motion and the MSJ, several of them sworn, that the record contradicts and that Plaintiffs and Mr. Moon knew or should have known were untrue:

| What Plaintiffs told the Court | What the record shows |
|---|---|
| **In the 56(d) Motion and the Declaration** | |
| 1. Depositions "were initially scheduled for dates in [MONTH], 2026." Decl. ¶ 24 (sworn). | An unfilled template blank, sworn under 28 U.S.C. § 1746. The depositions were set for June 29–30 and again for Sept. 22–23; Mr. Moon cancelled both. Ex. D; Resp. Ex. B. |
| 2. Plaintiffs "[p]articipated in all required case management conferences and complied with all court deadlines and orders." Decl. ¶ 49(g) (sworn); "We have designated two experts and everything." Tr. 58:10–11. | No expert designated by July 26 or since; discovery served after Aug. 10; no MSJ response by Aug. 17; absent from the Feb. 26 status conference and the Sept. 24 docket call. Tr. 25:11–17; Adv. Docs. 14, 15. |
| 3. The depositions were "necessarily postponed due to Defendants' production of critical accounting records." 56(d) Mot. ¶ 7(b), at 3; Decl. ¶¶ 15(b), 31 (sworn); Adv. Doc. 85 ¶ 18, at 7. | Mr. Moon withdrew Plaintiffs' own notice for reasons that do not mention the memorandum, which Plaintiffs had held for 25 days; Decl. ¶ 29 admits counsel "determined" to postpone. Resp. Ex. B at 3–5; Tr. 12:14–17. All accounting records had been produced months earlier. |
| 4. Bank statements, draw schedules, invoices, payment histories, and payment registers "have not been produced." Decl. ¶¶ 17(c), 47 (sworn); 56(d) Mot. ¶ 30, at 11; Adv. Doc. 85 ¶ 20, at 8. | Each category is listed by Bates number in Plaintiffs' own accountant's index and in Ceasons' Sept. 22 responses to the untimely "Third" Request; the same Declaration counts the production at "approximately 27,000 pages." Doc. 91, Ex. B at 15–22, 235; Resp. Ex. B at 2; Decl. ¶ 28. |
| 5. Rule 56(d) requires five enumerated elements under *January v. City of Huntsville*. 56(d) Mot. ¶ 18, at 6. | *January* states no such test; it applies a two-part test and affirmed denial of an "eleventh hour" request after discovery closed. 74 F.4th 646, 651–52 (5th Cir. 2023); Tr. 17:7–10. |
| 6. 11 U.S.C. § 542(e) authorizes "appointment of an independent auditor." 56(d) Mot. ¶ 28, at 11; Decl. ¶ 41 (sworn). | Section 542(e) concerns turnover of recorded information. It says nothing about auditors. |
| **At the hearing** | |
| 7. "[T]here had really never been any documentation provided as to a loan ledger . . . what payments were made," and the Banks memorandum "basically said we don't have any of those documents that Mr. Moon has requested." Tr. 5:24–6:5, 6:13–15. | The memorandum says the opposite: "all activity for both a given loan and any associated escrow account was included within the information already provided in the production." Doc. 91, Ex. E ¶¶ 2, 6. |
| 8. Ceasons' Oct. 12 claim-objection response date was "a set deadline that is set . . . by the Rules," Tr. 52:8–9, so the 56(d) Motion could not be filed sooner. Adv. Doc. 85 ¶ 23, at 9; ¶ 39, at 13. | The date came from the negative notice in the Debtors' own objection, filed by Mr. Moon's own clients, which used the 21-day default instead of the 30 days Rule 3007(a)(1) and L.B.R. 9007-1(c) require; Mr. Moon told chambers the response was filed "[p]ursuant to the negative notice set forth in such joint objection." Resp. Ex. A. Ceasons responded more than a week before the earliest permissible deadline. |
| **In the Reconsideration Motions** | |
| 9. The findings that the 56(d) Motion was untimely and filed in bad faith "are not supported by any evidence in the | The same motion admits the 48-day delay, the self-inflicted postponement, the decision to wait for Ceasons' response, and the |

| | |
|---|---|
| record." Adv. Doc. 83 ¶¶ 31–32; Adv. Doc. 85 ¶¶ 35–36, at 13. | two-week absence. Adv. Doc. 85 ¶¶ 17–18, at 7; ¶ 23, at 9; ¶ 39, at 13. The docket clearly reflects the motion was untimely. |
| 10. Defendants' "seemingly intentional delay" in producing the memorandum caused the missed deadlines. Adv. Doc. 85 ¶ 6(b), at 4; ¶ 13, at 6; Tr. 51:8–13 (counsel "holding off on a document until after deadlines have run"). | The memorandum is not a withheld record; it is a short explanation of records produced months before, restating what Plaintiffs had been told repeatedly. It is dated Aug. 25 and was served Aug. 27. Counsel claimed the memo was from "May or June." Resp. ¶ 7; Tr. 6:8–10. |
| 11. "[A] number of disputed discovery matters" have been "brought before the Court regarding the continued lack of production." Adv. Doc. 85 ¶ 19, at 8. | One motion to compel, denied "in its entirety" with every objection sustained. [Adv. Doc. 58.] Its principal complaints concerned requests never served on Ceasons and purported responses that bore no resemblance to the ones Ceasons served. [Adv. Doc. 50]. Twelve days after filing it, counsel wrote that he had "only gotten to 16,420" of the pages produced. *Id.* at 6–7. |
| 12. Deciding the MSJ before claim-objection discovery "constitutes reversible error" under *Wichita Falls* and *Culwell*, Adv. Doc. 85 at 3 n.1; *Gavenda v. Strata Energy* is "a seminal Texas Supreme Court case" on recoupment, *id.* at 5 n.2. | Neither Rule 56(f) case holds that; each turned on a timely motion and diligence before discovery closed. *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992); *Culwell v. City of Fort Worth*, 468 F.3d 868, 871–72 (5th Cir. 2006). *Gavenda* is a division-order case decided on unjust enrichment. 705 S.W.2d 690, 691–92 (Tex. 1986). |

11. Items 1–6 were sworn in the Declaration or presented in the 56(d) Motion Mr. Moon signed; items 7–8 were stated in court on October 15; items 9–12 came after the Court had found bad faith. None has been withdrawn or corrected.[2] Exhibit B details each item with full citations.

## IV. ARGUMENT

### A. The inherent power reaches this conduct; the finding has been made

12. A federal court may assess fees against a party or counsel who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," including by "delaying or disrupting the litigation." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991). The power is exercised "with restraint and discretion," *id.* at 44, on "a specific finding" of bad faith, *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999), and a bankruptcy court holds it over "litigants or lawyers appearing before the court." *In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008); 11 U.S.C. § 105(a).

13. The Court has made the required finding as to the 56(d) Motion. Tr. 24:22–24, 25:21–23, 26:13–17. Because the Court stated that finding as to "the Plaintiffs," Tr. 24:22–24, Defendants ask the Court to make the same specific finding as to Mr. Moon and his firm on this record. The finding rests on facts Plaintiffs' own papers admit, which satisfies even the clear-and-convincing

[2] This Motion is supported by the attached Appendix (L.B.R. 7007-1(g)): Exhibit A, the Novel Affidavit (App. 003–026); Exhibit B, the record-contradictions chart (App. 027–029); Exhibit C, the hearing transcript (App. 030–090; transcript page *n* is App. page *n* + 30); and Exhibit D, Mr. Moon's June 25, 2026 email (App. 091–095).

standard the Fifth Circuit applies to bad-faith findings against attorneys. *Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001). The hearing added a cancellation story that contradicts the Declaration (item 3), a false claim of designated experts (item 2), and the admission that the motion's timing was chosen to await Ceasons' claim-objection response. Tr. 51:19–52:9. The Reconsideration Motions retreated from none of it and asked the Court to find no evidence of what Plaintiffs themselves admitted. Mr. Moon signed every paper, swore to the Declaration, and made the statements at the hearing; his firm shares his responsibility; and Plaintiffs are responsible for the improper purpose and the misstated facts, which were their own. The Court may sanction litigants and lawyers alike, *Yorkshire*, 540 F.3d at 332, and should do so jointly and severally.

**B. The conduct that shows the bad faith**

14. Bad faith is measured against the duty every lawyer owes the Court, which Rule 9011(b) describes. By presenting a document, counsel certifies, after "an inquiry reasonable under the circumstances," that it is not presented "to harass, cause unnecessary delay, or needlessly increase litigation costs," that its legal contentions are warranted, and that its factual contentions "have evidentiary support." Fed. R. Bankr. P. 9011(b)(1)–(3). Defendants cite the Rule only as the measure of that duty, not as the basis for sanctions. Where "neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power." *Chambers*, 501 U.S. at 50. Rule 9011 does not specifically fit this situation because its safe harbor could not operate on a motion denied the day after it was filed; it does not reach statements first made in open court; and the Reconsideration Motions continue a course of conduct the Court has already found to be in bad faith. Measured against that duty, Plaintiffs' conduct took four forms.

**1. Improper purpose**

15. The Court has found that the 56(d) Motion "was filed in bad faith for the sole purpose to cause undue delay." Tr. 26:13–14. The Reconsideration Motions compound the bad faith: the

same relief on the same record, four and six days after the denial, after counsel disclaimed any wish to relitigate it, on a theory he conceded was "not before the Court," Tr. 54:24–25, 55:14–15, requiring Defendants to brief the same issues yet again. The timing excuse was also of Plaintiffs' own making: the October 12 response date came from the negative notice in the Debtors' own objection (item 8), and every deposition date Mr. Moon offered fell after the MSJ hearing, for a deposition Plaintiffs had chosen to cancel. Resp. Exs. A, B.

**2. Factual statements the record contradicts**

16. Items 1–4, 9, and 11 were contradicted by documents Plaintiffs held when the papers were signed: counsel's own emails, the Scheduling Order and the docket, Plaintiffs' own accountant's index, counsel's own Declaration, and Plaintiffs' own motion. A reasonable inquiry would have consisted of reading them. Mr. Moon swore to items 1–4 and 6 under penalty of perjury.

**3. Misstated authorities**

17. Items 5, 6, 8, and 12 misstate the cited authorities: a five-part test attributed to a case that states a two-part test and affirmed a denial; a turnover statute recast as an auditor statute; a response date chosen in the Debtors' own negative notice described as a deadline "set ... by the Rules"; two Rule 56(f) reversals presented as holding that summary judgment before claim-objection discovery is "reversible error"; and a division-order case decided on unjust enrichment presented as "a seminal Texas Supreme Court case" on recoupment.

**4. Papers filed without being read**

18. The least that "an inquiry reasonable under the circumstances" requires is reading the paper. These papers bear the marks of drafts generated by software and filed as generated. The Declaration swears the depositions were set "in [MONTH], 2026." Decl. ¶ 24. The Motion for Reconsideration contains its own drafting note: "[Verify: earlier drafts reference production on

August 25/27, 2026; Counsel's declaration states August 27, 2026.]" Adv. Doc. 83 ¶ 17, at 7. The Amended Motion removed the note but still asks that Plaintiffs be allowed to "foul their late response to the MSJ," Adv. Doc. 85 ¶ 6(d), at 5, dates the memorandum "seventeen (10) days after the discovery deadline," *id.* ¶ 12, at 6, and numbers its paragraphs 1–4, then 1–51, then 48–76. *Id.* at 2–3, 15–17. This followed a motion to compel built on hallucinated requests for production and on responses Defendants never served (item 11). Courts sanction the filing of machine-generated text that counsel did not verify. *Cf. Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443 (S.D.N.Y. 2023); *Gauthier v. Goodyear Tire & Rubber Co.*, No. 1:23-CV-281, 2024 WL 4882651 (E.D. Tex. Nov. 25, 2024).

**C. The appropriate sanction**

19. The sanction should be "the least severe sanction adequate" to deter, *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988) (en banc), and here that is the fees the bad-faith conduct caused. *Chambers*, 501 U.S. at 45–46, 50–51. The award is compensatory, limited to fees Defendants "would not have paid but for" the misconduct. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–09 (2017). Those are the fees of responding to the 56(d) Motion, the part of the October 15 hearing devoted to it and the Reconsideration Motions: $18,648.00 for 32.4 hours of attorney time through October 31, 2026, with all time spent on the MSJ and this sanctions motion excluded. Ex. A (Novel Aff.) ¶¶ 5–9 & Exs. A-1, A-2.

## V. PRAYER

Defendants ask that the Court (i) find that the 56(d) Motion, the Declaration, and the Reconsideration Motions were presented in bad faith and for an improper purpose, and that James P. Moon acted in bad faith in presenting them; (ii) award Defendants their reasonable attorneys' fees of $18,648.00 against Plaintiffs, James P. Moon, and the Law Offices of James P. Moon, P.C., jointly and severally, under the Court's inherent power and 11 U.S.C. § 105(a); (iii) order that no

further motion to continue, defer, or reconsider the ruling on the MSJ be filed without leave of Court; and (iv) grant all other relief to which Defendants are entitled.

DATED: November 6, 2026

Respectfully submitted,

KANE RUSSELL COLEMAN LOGAN PC

By: */s/ C. Jeffrey Novel*___________
**C. Jeffrey Novel**
State Bar No. 24037198
jnovel@krcl.com
**Andrew D. Robertson**
State Bar No. 24090845
drobertson@krcl.com
**Jamie R. Wilson**
State Bar No. 24098623
jwilson@krcl.com
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200

*Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

I certify that on November 6, 2026, I conferred by e-mail with James P. Moon, counsel for Plaintiffs, and Joyce W. Lindauer, counsel for the Debtors, about the relief requested in this Motion. Counsel for Plaintiffs responded that Plaintiffs are opposed to the relief requested.

/s/ C. Jeffrey Novel_________
C. Jeffrey Novel

## CERTIFICATE OF SERVICE

I certify that on November 6, 2026, this Motion and Brief, its Appendix, and the proposed order were served through the Court's CM/ECF system on all parties registered to receive electronic notice in this adversary proceeding, including counsel for Plaintiffs and for the Debtors.

/s/ C. Jeffrey Novel_________
C. Jeffrey Novel